UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH OLIVEIRA, | Case No.: 1:26-cv-04086-EGC (PC) |
| Plaintiff, | **ORDER TO SHOW CAUSE IN WRITING WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED** |
| v. | |
| RAUL MORALES, et al., | **30-DAY DEADLINE** |
| Defendants. | |

Plaintiff Joseph Oliveira is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.   INTRODUCTION

Plaintiff filed his complaint and an application to proceed *in forma pauperis* (IFP) on May 28, 2026. (Docs. 1 & 2.)

In his IFP application, Plaintiff declares he is unable to pay the filing fee, is not employed, and presumably[1] does not receive any money from the following: (a) business, profession, or self-employment; (b) rent payments, interest or dividends; (c) pensions, annuities or life insurance payments; (d) disability or workers' compensation payments; or (e) gifts or inheritance. (Doc. 2 at 1.) Plaintiff also denies having any cash, owning any real estate, stocks, bonds, security or other

---

[1] Plaintiff left the "___ No" boxes blank for these entries; however, because he checked the "___ Yes" box for another source, the Court presumes his responses to (a) through (f) of Question 3 are negative.

financial instruments, automobiles or other valuable property, or any other assets. (*Id.* at 2.) Asked to explain his "yes" response to whether he "received any money" from "other sources" (Question 3(f)) within the last twelve months, Plaintiff entered: "My wife J-pays me 90$ for canteen every so often." (*Id.* at 1.)

## II. DISCUSSION

A review of Plaintiff' IFP application and his Inmate Statement Report May 28, 2026, reveals the Court requires further information before deciding whether Plaintiff is entitled to IFP status.

First, while Plaintiff acknowledges his wife provides him with ninety dollars on occasion, the Court notes Plaintiff has received sixteen "JPAY" deposits totaling $1,278.00 in the period between November 1, 2025, and May 28, 2026. Monies provided to Plaintiff via JPAY should be disclosed *and explained*. *See, e.g.*, *Owens v. Schultz*, No. 1:24-cv-00820-SKO, 2024 WL 3722881, at *1-2 (E.D. Cal. July 19, 2024) (directing plaintiff to "explain the sixteen JPAY entries appearing on his Inmate Statement Report"). Thus, Plaintiff will be required to explain the JPAY entries deposited into his account within the relevant period totaling nearly $1,300, a combined sum greater than the $405 filing fee for this action.

Second, Plaintiff is advised that this Court may take into consideration purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor"); *see also Owens*, 2024 WL 3722881, at *1-2. Here, the Court notes Plaintiff made five purchases within the relevant period totaling $963.11. Plaintiff will be directed to provide further information concerning the five "SALES" entries reflected on his Inmate Statement Report for the period between November 1, 2025, and May 28, 2026. Specifically, Plaintiff shall explain what he bought on those occasions so the Court can evaluate his economic choices.

In sum, Plaintiff's IFP application and Inmate Statement Report do not establish he is entitled to IFP status. Plaintiff must explain the JPAY deposits made during the relevant period and explain why the Court should find he is unable to pay the required filing fee. Further, Plaintiff must provide additional information concerning the SALES entries during the same period to allow for the Court's consideration of his economic choices.

**III.    CONCLUSION AND ORDER**

Accordingly, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1.  The Clerk of the Court shall serve Plaintiff with a copy of his Inmate Statement Report dated May 28, 2026; and

2.  Plaintiff **SHALL** show cause in writing, **within 30 days** of the date of service of this order, why his IFP application should not be denied. Specifically, Plaintiff **SHALL** (1) explain the sixteen JPAY entries appearing on his Inmate Statement Report, *and* (2) provide additional information concerning the five SALES entries appearing on his Inmate Statement Report; **or**

3.  In the alternative, Plaintiff may pay the required $405 filing fee.

**Plaintiff is advised that a failure to respond to this Order to Show Cause (OSC) may result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:    **June 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3