UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH OLIVEIRA,

Plaintiff,

v.

RAUL MORALES, et al.,

Defendants.

Case No.: 1:26-cv-04086-KES-EGC (PC)

**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE**

(Doc. 9)

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS**

(Doc. 2)

Plaintiff Joseph Oliveira is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint and an application to proceed *in forma pauperis* (IFP) on May 28, 2026. (Docs. 1 & 2.)

On June 8, 2026, the Court issued its Order to Show Cause (OSC) in Writing Why Application to Proceed In Forma Pauperis (IFP) Should Not Be Denied. (Doc. 7.) Plaintiff was ordered to respond within 30 days. (*Id*. at 3.)

On July 15, 2026, when more than 30 days passed without a response from Plaintiff, the

undersigned issued Findings and Recommendations to Dismiss Action Without Prejudice for Plaintiff's Failure to Comply with Court Orders and Failure to Prosecute. (Doc. 9.) Any objections were to be filed within 14 days. (*Id*. at 4-5.)

On July 16, 2026, Plaintiff filed an untitled document, construed by the Court to be his written response to the OSC.[1] (Doc. 10.)

## II. DISCUSSION

Briefly stated,[2] Plaintiff states that the "sixteen JPay entries" reflect the support of his family and friends to pay for his "basic supplies and groceries." (Doc. 10 at 1.) He contends groceries at the canteen are "very expensive," his access to canteen is limited due to lockdowns, and that JPAY entries "stack up making it seem [he gets] more than what it looks." (*Id*.) As concerns the SALES entries on his trust statement, Plaintiff denies purchasing candy and peanuts; he states he has "to pay for coffee which cost 13.00$ a jar, 30$ dollars for [hygiene]" products, and that the remaining funds purchase other food products not provided by the California Department of Corrections and Rehabilitation. (*Id*.) Plaintiff asks the Court to grant him IFP status. (*Id*. at 1-2.)

The undersigned accepts Plaintiff's explanations concerning the JPAY and SALES entries on his Inmate Statement Report and will grant Plaintiff IFP status. Relatedly, the Court will vacate the Findings and Recommendations issued July 15, 2026.

//

//

## III. CONCLUSION AND ORDER

[1] Plaintiff affixed the date of "6-28-26" to the untitled document. Despite the passage of 18 days, the document was received and filed by the Court on July 16, 2026. Plaintiff is encouraged to review the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued May 28, 2026. (Doc. 3.) That Order, among other procedures, provides that the "first page of every document filed with the Court must contain a caption …" (*id*. at 2), explains the screening process (*id*. at 3-4) and warns that "all Court deadlines are strictly enforced" (*id.* at 5).

[2] Plaintiff also contends his "civil rights have been serious violated" and that his claims in this action have merit. (Doc. 10 at 2.) Plaintiff is reminded that his complaint is pending screening. At screening, the Court will liberally construe the complaint to determine whether it states plausible or cognizable constitutional claims. 28 U.S.C. § 1915A(a). Plaintiff's complaint will be screened in due course. Plaintiff is advised that this Court is one of the busiest district courts in the nation and all judges carry heavy caseloads. Dozens of prisoner civil rights complaints are pending screening. Further, this Court is under a continuing judicial emergency that significantly affects the delays experienced by all litigants. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/. Lastly, Plaintiff is advised that the merits of any claims found plausible or cognizable by the Court after screening will be tested after appearances are entered for any defendants and following discovery.

Given the above, the Court **HEREBY ORDERS** that:

1. The Findings and Recommendations issued July 15, 2026 (Doc. 9) are **VACATED**;
2. Plaintiff's application to proceed IFP (Doc. 2) is **GRANTED**;
3. The Director of the California Department of Corrections or designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and case number assigned to this action.
4. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections, via the court's electronic case filing system (CM/ECF); and
5. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, United States District Court for the Eastern District of California.

IT IS SO ORDERED.

Dated: **July 21, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE